# EXHIBIT A

## SALE ORDER

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIFE UNIFORM HOLDING CORP., et al.,[1] | Case No. 13-_____ (___) |
| Debtors. | Jointly Administered |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 6006 APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS (INCLUDING ASSUMPTION AND ASSIGNMENT OF CONTRACTS) FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES, CLAIMS, AND INTERESTS

Upon the motion, dated as of _____, 2013 [ECF No. ___] (the "*Sale Motion*"),[2] of Healthcare Uniform Company, Inc. and Uniform City National, Inc., debtors and debtors-in-possession (the "*Debtors*"), filed in the above-captioned jointly administered chapter 11 bankruptcy case, for entry of an order pursuant to sections 105(a), 363(b), and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "*Bankruptcy Code*"), Rules 2002, 6004, 6006, 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rules 2002-1 and 6004-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), requesting approval of the sale (the "*Sale*") pursuant to the terms of that certain Asset Purchase Agreement, dated as of _____, 2013 (as may be subsequently modified, amended, or clarified in accordance herewith, the "Purchase Agreement," a copy of which is attached as **Exhibit 1** to the Sale Motion), by and between the Debtors and [*Insert Name of Buyer*] (the "*Buyer*"), of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Life Uniform Holding Corp. (1018), Healthcare Uniform Company, Inc. (0640), and Uniform City National, Inc. (0392).

[2] Unless specified otherwise, all capitalized terms used herein shall have the meanings ascribed to them in the Sale Motion or the Purchase Agreement (as defined herein). As used herein, "Debtors" and "Buyer" shall deemed to include their respective successors and assigns.

Purchased Assets, free and clear of all Liens and Claims, other than Assumed Liabilities, and the Court having entered a Procedures Order on _____, 2013 [ECF No. \_\_\_] approving the Bid Procedures, and, if necessary, an Auction having been held on _____, 2013, in accordance with the Bid Procedures and the Procedures Order; and based upon the arguments of counsel and the evidence presented at the hearing to approve the Sale Motion (the "*Sale Hearing*"); and the Court having determined that the relief sought in the Sale Motion is in the best interests of the Debtors, their respective estates, and their respective creditors, and all parties-in-interest, and that the legal and factual bases set forth in the Sale Motion and presented at the Sale Hearing establish just cause for the relief granted herein; and all objections to the Sale Motion, if any, having been withdrawn or overruled on the merits; and after due deliberation and sufficient good cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**[3]

A.  This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363, 365, 503 and 507 of the Bankruptcy Code, (ii) Rules 2002, 6004, 6006, 9007 and 9014 of the Bankruptcy Rules, and (iii) Rule 6004-1 of the Local Rules.

C.  Notice of (i) the Sale Motion and (ii) the assumption and assignment of the Assumed Contracts and of the proposed Cure Amounts with respect thereto having been

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

provided to the parties specified in the Procedures Order is sufficient in light of the circumstances and nature of the relief requested in the Sale Motion, and no other or further notice no other or further notice of the Sale Motion or the relief requested therein shall be required. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D. All parties holding Liens and Claims who did not object to the Sale Motion and the relief requested therein, or who withdrew their objections to the Sale Motion, are deemed to have consented to such relief pursuant to section 363(f)(2) of the Bankruptcy Code.

E. The marketing and bidding procedures implemented by the Debtors, as set forth or described in the Sale Motion, the Procedures Order and the Bid Procedures, and the record of the hearings relating to the Sale, were fair, proper, and reasonably calculated to result in the best value received for the Purchased Assets. Further, the Auction process set forth in the Bid Procedures afforded a full, fair and reasonable opportunity for any Qualified Bidders to submit Qualified Bids and participate in the Auction. The Auction was conducted properly and in good faith, without collusion and in accordance with the Bid Procedures and the Procedures Order. The Buyer was a Qualified Bidder pursuant to the Bid Procedures and the Procedures Order.

F. After the conclusion of the Auction, the Debtors determined that the highest and/or otherwise best offer for the Purchased Assets was that of the Buyer, as set forth in the Purchase Agreement. The Debtors further determined that the next highest and/or otherwise best offer for the Purchased Assets was that of [*Insert the Name of the Back-Up Bidder, if any*] (the "*Back-Up Bidder*").

G. The Purchase Agreement and other documents and instruments related to and connected with the Sale of the Purchased Assets and the consummation thereof (collectively with

3

the Purchase Agreement, as each may have been amended through the date hereof, the "*Transaction Documents*") were negotiated, proposed and entered into by the Debtors and the Buyer without collusion, in good faith and from arm's-length bargaining positions. Neither the Buyer nor any of its affiliates or its representatives is an "insider" of either of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. None of the Debtors, the Buyer, or their respective representatives has engaged in any conduct that would cause or permit the Purchase Agreement or the other Transaction Documents to be avoided under section 363(n) of the Bankruptcy Code, or has acted in any improper or collusive manner with any person. The terms and conditions of the Purchase Agreement and the other Transaction Documents, including, without limitation, the consideration provided therein, are fair and reasonable, and the Sale of the Purchased Assets is not avoidable and shall not be avoided under section 363(n) of the Bankruptcy Code.

H.    The Buyer has proceeded in good faith and without collusion in all respects in connection with this proceeding, in that: (i) the Buyer, in acquiring the Purchased Assets, recognized that the Debtors were free to deal with other interested parties; (ii) the Buyer agreed to provisions in the Purchase Agreement that would enable the Debtors to accept a higher or better offer; (iii) the Buyer complied with all the provisions in the Bid Procedures and the Procedures Order applicable to the Buyer, unless otherwise permitted by an order of this Court; (iv) all payments to be made by the Buyer and other agreements entered into or to be entered into between the Buyer and the Debtors in connection with the Sale have been disclosed; (v) the negotiation and execution of the Purchase Agreement and related agreements were conducted in good faith and constituted an arm's length transaction; and (vi) the disclosure requirements required by the applicable Bankruptcy Rules and Local Rules have been satisfied. The Buyer is,

therefore, entitled to all of the benefits and protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Purchased Assets shall not affect the validity of such Sale. No stay pending appeal of this Order (the "***Sale Order***") has been requested, and the stay contained in Bankruptcy Rule 6004(h) has been and hereby is waived as set forth in paragraph 19 below.

I.  Subject to the entry of this Sale Order, the Debtors have (i) full corporate power and authority to enter into and perform all of their obligations under the Transaction Documents, and the Debtors' prior execution and delivery of, and performance of obligations under, the Transaction Documents is hereby ratified; (ii) all of the corporate power and authority necessary to consummate the Sale of the Purchased Assets; and (iii) taken all corporate action necessary to authorize and approve the Transaction Documents. Further, no consents or approvals are required for the Debtors to consummate the Sale of the Purchased Assets other than the consent and approval of this Court. Neither the execution of the Transaction Documents nor the Sale of the Purchased Assets in accordance with the terms of the Transaction Documents will constitute a violation of any provision of the organization documents of the Debtors or any other instrument, law, regulation, or ordinance by which the Debtors are bound.

J.  Good and sufficient reasons for approval of the Purchase Agreement and the other Transaction Documents and the Sale of the Purchased Assets have been articulated to the Court in the Sale Motion and at the Sale Hearing, and the relief requested in the Sale Motion and set forth in this Sale Order is in the best interests of the Debtors, and their respective estates, creditors and other parties-in-interest in the Bankruptcy Cases.

K.   The Purchased Assets constitute property of the Debtors' respective estates and title thereto is vested in the Debtors' respective estates within the meaning of section 541(a) of the Bankruptcy Code. Accordingly, the Debtors have or will have as of the date of Closing all right, title and interest to and in the Purchased Assets that may be required to transfer and convey the Purchased Assets to the Buyer in the manner contemplated by the Transaction Documents.

L.   The consideration to be paid by the Buyer to the Debtors for the Purchased Assets is fair and reasonable, is the highest and/or otherwise best offer for the Purchased Assets, and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and the laws of the United States, any state, territory, or possession thereof, the District of Columbia, or any other applicable law. The Debtors' determination that the Purchase Agreement constitutes the highest and/or otherwise best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment.

M.   Each of the Debtors has demonstrated both (i) good, sufficient and sound business purpose and justification, and (ii) compelling circumstances for the Sale of the Purchased Assets pursuant to Bankruptcy Code section 363. Such business judgment and compelling circumstances include, but are not limited to, the fact that (a) the Purchase Agreement constitutes the highest and/or best offer for the Purchased Assets; and (b) consummation of the Transaction Documents and the transactions contemplated thereby presents the best opportunity to realize the highest value for the Purchased Assets and avoid potential decline and devaluation thereof. After consideration of the circumstances described in the Sale Motion and at the Sale Hearing, including, but not limited to (i) the extensive efforts undertaken by the Debtors to market the Purchased Assets for Sale both before and during the pendency of the Bankruptcy Cases; and (ii)

the consent by the Debtors' major secured creditors to the consummation of the Sale of the Purchased Assets under the terms and conditions set forth in the Purchase Agreement, the Court has determined that the Sale of the Purchased Assets outlined in the Sale Motion and in the Purchase Agreement will provide a greater recovery for the Debtors' respective creditors and other parties-in-interest than would be provided by any other practical alternative method.

N. The consummation of the Sale pursuant to the Transaction Documents will be a legal, valid, and effective Sale of the Purchased Assets to the Buyer and will vest the Buyer with all of the Debtors' right, title, and interest in and to the Purchased Assets, free and clear of all Liens and Claims of any kind or nature whatsoever other than Assumed Liabilities because one or more of the standards set forth in sections 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. All holders of Liens and Claims in the Purchased Assets will be adequately protected as hereinafter provided by having their Liens and Claims attach to the net proceeds ultimately attributable to the Purchased Assets against or in which such Liens and Claims are asserted, subject to the terms of such Liens and Claims, with the same validity, force and effect, and in the same order of priority, that such Liens and Claims had against the Purchased Assets or their proceeds as of the filing of these Bankruptcy Cases, subject to any rights, claims and defenses the Debtors or their respective estates, as applicable, may possess with respect thereto.

O. The Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby if the Sale of the Purchased Assets to the Buyer were not free and clear of all Liens and Claims of any kind or nature whatsoever (except for Assumed Liabilities), or if the Buyer would, or in the future could, be liable for any of such Liens and Claims. Failure to sell the Purchased Assets free and clear of all Liens and Claims would be substantially less beneficial to the Debtors' estates.

P.  The Purchase Agreement was not entered into, and the Sale of the Purchased Assets and related transactions are not consummated, for the purpose of hindering, delaying, or defrauding creditors of the Debtors under the Bankruptcy Code, or under the laws of the United States, any state, territory, or possession thereof, the District of Columbia or any other applicable law. Neither the Debtors nor the Buyer have entered into the Purchase Agreement or are consummating the Sale of the Purchased Assets and related transactions with any fraudulent or otherwise improper purpose.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Sale Motion and the relief requested therein is GRANTED and APPROVED in all respects to the extent provided herein.

2.  All objections with regard to the relief sought in the Sale Motion that have not been withdrawn, waived, settled, or otherwise dealt with as expressly provided herein and in the Procedures Order, and all reservation of rights included in such objections, are overruled on the merits with prejudice.

3.  Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Sale of the Purchased Assets and the Purchase Agreement are approved, and the Debtors are authorized to enter into and consummate the Purchase Agreement and the other Transaction Documents, and execute all documents and take all actions necessary and appropriate to effectuate and consummate the Sale of the Purchased Assets in consideration of the Purchase Price specified therein upon the terms set forth in the Purchase Agreement, including, without limitation, selling, assigning, and transferring to the Buyer all of the Debtors' right, title, and interest in and to the Purchased Assets, and assuming and assigning to Buyer the Assumed Contracts, and including the taking of any other actions required of the Debtors to effectuate the Sale. Further, any objections thereto having been resolved or overruled on the merits, the Cure

8

Amounts listed on the Assumption, Assignment, and Cure Notice, are deemed the necessary amounts to "cure" all "defaults" with respect to the Assumed Contracts under section 365(b) of the Bankruptcy Code.

4. As of the Closing, (i) the transactions set forth in the Purchase Agreement shall effect a legal, valid, enforceable and effective Sale and transfer of the Purchased Assets to the Buyer with title to such Purchased Assets free and clear of all Liens and Claims of any kind whatsoever as set forth in paragraph 7 hereof and in the Purchase Agreement (excepting Assumed Liabilities); and (ii) the Purchase Agreement, along with the other Transaction Documents, any transactions related thereto and the consummation thereof, and the Sale of the Purchased Assets, shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors, any successor trustee appointed with respect thereto in their respective Bankruptcy Cases, and each other person and entity.

5. Subject to the fulfillment of the terms and conditions of the Purchase Agreement, as of the Closing, this Sale Order shall be considered and constitute for all purposes a full and complete general assignment, conveyance, and transfer of the Purchased Assets and/or a bill of Sale transferring the Debtors' title and interest in the Purchased Assets to the Buyer. Consistent with, but not in limitation of the foregoing, each and every federal, state, and local governmental agency or department is hereby directed to accept all documents and instruments necessary and appropriate to consummate the Sale.

6. Any person or entity that is currently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of such Purchased Assets either to (a) the Debtors before the Closing Date or (b) to Buyer on the

Closing Date, unless possession of certain of the Purchased Assets shall remain with a third party pursuant to the terms of an Assumed Contract.

7. The transfer of the Purchased Assets pursuant to the Transaction Documents is a legal, valid, and effective transfer and shall, in accordance with sections 105(a) and 363(f) of the Bankruptcy Code, and upon payment of the Purchase Price to the Debtors, vest the Buyer with all right, title, and interest of the Debtors in the Purchased Assets, free and clear of all Liens and Claims (other than Assumed Liabilities), including, but not limited to, all encumbrances, obligations, liabilities, demands, guarantees, options, rights, restrictions, contractual commitments, rights of first refusal, rights of setoff, or interests of any kind or nature that have been, are or could be asserted against the Debtors whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these Bankruptcy Cases, whether imposed by agreement, understanding, law, equity or otherwise, and all rights and claims under any bulk transfer statutes and related laws, whether arising by agreement, statute, or otherwise and whether arising before or after the commencement of these Bankruptcy Cases, whether known or unknown, including Liens and Claims of any of the creditors, vendors, employers, suppliers, or lessors of the Debtors or any other third party. Following the Closing, no holder of any Liens and Claims against the Debtors shall interfere with the Buyer's title to or use and enjoyment of the Purchased Assets.

8. All valid and perfected Liens and Claims in the Purchased Assets shall attach to any proceeds of such Purchased Assets immediately upon receipt of such proceeds by the Debtors, as applicable, in the order of priority, and with the same validity, force and effect that they had against such Purchased Assets as of the filing of the Bankruptcy Cases, subject to any

rights, claims and defenses the Debtors, their respective estates or any trustee for the Debtors, as applicable, may possess with respect thereto, in addition to any limitations on the use of such proceeds pursuant to any provision of the Purchase Agreement or this Sale Order.

9. The Buyer shall not be deemed, as a result of any action taken in connection with, or as a result of the purchase of the Purchased Assets, to: (i) be a successor (or other such similarly situated party) to the Debtors (other than with respect to the Assumed Liabilities); or (ii) have, *de facto* or otherwise, merged with or into the Debtors. Except as expressly set forth in the Purchase Agreement with respect to the Assumed Liabilities, the Buyer is not acquiring or assuming any Liens and Claims, including, without limitation, any liability arising from any of the following: (i) any employment or labor agreements, consulting agreements, severance agreements, change in control agreements or other similar agreements to which the Debtors are or were a party; (ii) any pension, welfare, compensation or other employee benefit plans, agreements, practices, and programs, including without limitation, any pension plan of the Debtors; (iii) the cessation of the Debtors' operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs; (iv) the Employee Retirement Income Security Act of 1974 ("ERISA"), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment and Retraining Notification Act (the "*WARN Act*") and any similar state laws or local ordinances, including without limitation, anti-discrimination laws, wage and hour laws, laws governing or providing for disability or other leaves of absence, "whistle-blower" protection laws, and laws concerning alleged wrongful discharge from employment;

(v) workmen's compensation, occupational disease or unemployment or temporary disability insurance claims; (vi) environment liabilities, debts, claims or obligations that may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act or any other environmental, health and safety requirements; (vii) any bulk sales or similar law, (viii) any litigation by or against the Debtors; and (ix) the laws of the United States, any state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity, including without limitation, any theory of antitrust or successor or transferee liability. Neither the Buyer nor any of its employees, members, directors, advisors, lenders, affiliates, owners, successors and assigns shall have any successor or vicarious liabilities under or with respect to the Purchased Assets or any Liens and Claims (other than, with respect to the Buyer, the Assumed Liabilities) of any kind or character.

10.     Except for the holders of Assumed Liabilities (and then only as and to the extent expressly permitted by the Purchase Agreement) all persons and/or entities asserting Liens and Claims against the Debtors, or their respective interests in the Purchased Assets, are hereby forever estopped, permanently enjoined, and precluded from (i) pursuing such Liens and Claims against the Purchased Assets, excluding Sale proceeds reserved herein; (ii) asserting, commencing or continuing in any manner any action against the Buyer or against any of its assets or properties (including, without limitation, the Purchased Assets) on account of such Liens and Claims; (iii) the enforcement, attachment, collection or recovery, by any manner or means, of any judgment, award or decree of order against the Buyer or any of its assets or properties (including, without limitation, the Purchased Assets) on account of such Liens and Claims; (iv) creating, perfecting or enforcing any encumbrance of any kind against the Buyer or

any of its properties or assets (including, without limitation, the Purchased Assets) on account of such Liens and Claims; (v) asserting any set off, right of subrogation or recoupment or other affirmative defense of any kind against any obligations due to the Buyer on account of such Liens and Claims; (vi) any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Sale Order or the Purchase Agreement; and (vii) asserting that with respect to the Debtors that the Buyer is a successor, successor-in-interest, or otherwise liable for the Liens and Claims pursuant to any other statutory or legal or equitable theory, including, without limitation, worker's compensation, occupational disease, pension and employee benefits, labor and employment, bulk sales or tax laws or obligations.

11. This Sale Order (i) shall be effective as a determination that, on Closing, and except with respect to Assumed Liabilities, all Liens and Claims of any kind or nature whatsoever existing as to the Purchased Assets before the Closing, have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (ii) shall be binding upon and shall govern the acts of all persons and entities. On Closing, and excepting Assumed Liabilities, the Debtors, and persons holding any Liens and Claims in the Purchased Assets as of the Closing, are authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release their Liens and Claims in the Purchased Assets, if any, as such Liens and Claims may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing any Liens and Claims in the Purchased Assets shall not have delivered to the Debtors before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Claims that the person or entity has with respect to the Purchased Assets, then the Buyer, and the

Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Purchased Assets.

12. The Sale proceeds shall be distributed as follows:

**[*Insert Distribution of the Sale Proceeds*]**

13. Upon the Closing, the Debtors are authorized and empowered to assume, assign and/or transfer each of the Assumed Contracts to the Buyer. The payment of the applicable Cure Amounts (if any), to the counterparty to any Assumed Contract shall (i) effect a cure of all defaults existing thereunder as of the commencement of the Bankruptcy Cases, and (ii) compensate such counterparty for any actual pecuniary loss resulting from any such default. The Buyer shall then have assumed the Assumed Contracts and, pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Debtors of such Assumed Contracts shall not be a default thereunder. After the payment of the relevant Cure Amounts, neither the Debtors nor the Buyer shall have any further liabilities to the counterparties to the Assumed Contracts other than the Buyer's obligations under the Assumed Contracts that first accrue and become due and payable on or after the Closing Date. Any party having the right to consent to the assumption or assignment of the Assumed Contracts that has failed to object to such assumption or assignment is deemed to have consented to such assumption and assignment, as required by section 365(c) of the Bankruptcy Code. In addition, adequate assurance of future performance has been demonstrated by or on behalf of the Buyer with respect to the Assumed Contracts.

14. There shall be no rent accelerations, assignment fees, increases, or any other charges charged to the Buyer or the Debtors as a result of the Debtors' assumption and assignment to the Buyer of the Assumed Contracts, and the validity of such assumption or assignment shall not be affected by any dispute between the Debtors or their respective affiliates

and any counterparty to the Assumed Contracts, and the Assumed Contracts, upon assignment to the Buyer, shall be deemed valid and binding and in full force and effect in accordance with their terms. No counterparty to any of the Assumed Contracts shall be permitted to declare a default under such Assumed Contract or otherwise take action against the Buyer, as a result of the Debtors' financial condition, bankruptcy, or failure to perform any of its obligations under such Assumed Contract prior to Closing. The failure of the Debtors or the Buyer to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the Debtors' and Buyer's rights to enforce every term and condition of the Assumed Contracts.

15. This Sale Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets. The terms and provisions of the Purchase Agreement and all other Transaction Documents, the Sale of the Purchased Assets itself, and this Sale Order shall be binding in all respects upon the Debtors, their respective estates, all creditors (whether known or unknown) of and holders of equity interests in the Debtors, the Buyer and their respective affiliates, successors and assigns, and all third parties, notwithstanding the subsequent appointment of any trustee of the Debtors under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. The provisions of this Sale Order and any actions taken

pursuant hereto shall survive any conversion or dismissal of the Bankruptcy Cases and the entry of any other order that may be entered in the Bankruptcy Cases, including any order (i) confirming any plan of reorganization; (ii) converting the Bankruptcy Cases from chapter 11 to chapter 7; (iii) appointing a trustee or examiner in the Bankruptcy Cases; or dismissing the Bankruptcy Cases. The terms and provisions of this Sale Order, as well as the rights granted under the Transaction Documents, shall continue in full force and effect and are binding upon any successor, reorganized debtor, or chapter 7 or chapter 11 trustee applicable to the Debtors, notwithstanding any such conversion, dismissal or order entry.

16. The failure specifically to include any particular provision of the Purchase Agreement or the other Transaction Documents in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement and the other Transaction Documents be authorized and approved in their entirety. Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.

17. Notwithstanding Bankruptcy Rule 6004, 6006(d), 7062 or 9014, if applicable, or any other Local Rule or otherwise, this Sale Order shall not be stayed for 14-days after the entry hereof, but shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h). Time is of the essence in approving the Sale of the Purchased Assets and the transactions related thereto, and the Debtors and the Buyer intend to close the Sale of the Purchased Assets and related transactions as soon as practicable.

18. Nothing in this Sale Order shall modify or waive any closing conditions or termination rights in the Purchase Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

19. Unless otherwise provided in this Sale Order, to the extent any inconsistency exists between the provisions of the Purchase Agreement and this Sale Order, the provisions contained herein shall govern.

20. The Court shall retain exclusive jurisdiction to interpret, construe, and enforce the provisions of the Transaction Documents and this Sale Order in all respects, and further, to hear and determine all disputes between the Debtors and/or the Buyer, as the case may be, and any other counterparty to, among other things, the Assumed Contracts, concerning, among other things, assignment thereof by the Debtors to the Buyer under the Purchase Agreement and any dispute between the Buyer and the Debtors as to their respective obligations with respect to any asset, liability, or claim arising hereunder.

**IT IS SO ORDERED.**

Dated: _____, 2013           ENTERED:

 

                                              Honorable _____
                                              United States Bankruptcy Judge