**Exhibit C**
**Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| LIFE UNIFORM HOLDING CORP., *et al.*,[1] | ) Case No. 13-11391 (KJC) |
| Debtors. | ) Jointly Administered |

**ORDER PURSUANT TO SECTION 105 AND 363 OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING, EFFECTIVE AS OF THE PETITION DATE, (I) AGREEMENT WITH CAPSTONE ADVISORY GROUP, LLC TO PROVIDE ROBERT FREZZA TO SERVE AS DEBTORS' CHIEF RESTRUCTURING OFFICER; AND (II) RETENTION OF MR. FREZZA AND ADDITIONAL PERSONNEL**

Upon the motion, dated June 6, 2013 (the "Motion"),[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for the entry of an order (the "Order"), authorizing the Debtors (1) to approve engagement letter effective May 29, 2013 between the Debtors and Capstone Advisory Group, LLC ("Capstone"), and an addendum thereto, and attached to the Motion as **Exhibit A** (collectively, the "Capstone Agreement") and (2) to authorize the Debtors to employ and retain Mr. Robert Frezza of Capstone to serve as the Debtors' Chief Restructuring Officer (the "CRO") and additional professional personnel of Capstone to assist the CRO (collectively, the "Additional Personnel"); *nunc pro tunc* to the Petition Date (as defined herein), all as more fully set forth in the Motion; pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016; and the Court having

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Life Uniform Holding Corp. (1018), Healthcare Uniform Company, Inc. (0640), and Uniform City National, Inc. (0392).

[2] All capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Affidavit of Robert J. Frezza in Support of the Motion (the "Frezza Affidavit"), attached to the Motion as **Exhibit B**.; and the Court being satisfied based on the representations made in the Frezza Affidavit that (a) Capstone does not hold or represent an interest adverse to the Debtors' estates and (b) Capstone is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. The Capstone Agreement is approved and the Debtors are authorized to employ and retain Mr. Frezza as their CRO and the Additional Personnel of Capstone to assist the CRO pursuant to the terms and conditions set forth in the Motion, in the Capstone Agreement, and the Order *nunc pro tunc* to the Petition Date.

3.   Capstone shall not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but will instead submit monthly invoices to the Debtors, and the Debtors are hereby authorized to pay, in the ordinary course of business, all reasonable amounts invoiced by Capstone for fees and expenses.

4.   Capstone shall file with the Court (and serve copies to the United States Trustee and all official committees contemporaneously with such filing) reports of compensation earned and expenses incurred on a quarterly basis. The first quarterly report will be submitted no later than forty-five days after the end of the first calendar quarter after the Petition Date and will cover the period up to and including the last day of the first quarter after the Petition Date. This procedure will continue at three-month intervals thereafter. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (a) be appended to the reports, (b) contain detailed time entries describing the task(s) performed, and (c) be organized by project category. Parties will have 15 days from the filing of the quarterly report to object to the compensation set forth in the quarterly report. All compensation shall be subject to review by this court in the event an objection is filed.

5.   Capstone will on or before the 15th of each month during these chapter 11 cases file with the Court a staffing report for the prior month period identifying the names and functions of Capstone personnel and will provide copies of such staffing report to the U.S. Trustee. All staffing of Capstone personnel shall be subject to Court review in the event an objection to a staffing report is filed.

6. Notwithstanding anything to the contrary or any broader indemnification provision set forth in the Capstone Agreement, as part of this engagement, the Debtors shall indemnify and hold harmless those employees of Capstone serving as officers, directors, agents, and employees of the Debtors, including, but not limited to, Mr. Frezza and any other Capstone personnel assisting Mr. Frezza in the engagement (each, an "Indemnified Party"), to the fullest extent lawful and on the same terms as provided to the Debtors' other officers and directors under the Debtors' corporate bylaws and applicable state law, from any and all claims, liabilities, losses, damages, and expenses (or actions in respect thereof), as incurred, related to, or arising out of, or in connection with or related to, this engagement, including, without limitation, any and all of such Indemnified Parties' reasonable expenses incurred in connection with investigating, preparing, defending, or settling any action or claim arising from or relating to such liabilities, including all of such Indemnified Parties' legal fees and expenses; provided, that, the Debtors shall not be responsible for any losses, claims, damages, liabilities, or expenses of any Indemnified Parties to the extent, and only to the extent, that it is finally judicially determined that they are due primarily to such Indemnified Party's bad faith, willful misconduct, or gross negligence, without limiting the generality of the foregoing, and notwithstanding anything to the contrary in the Capstone Agreement, the Debtors would not be required to indemnify Capstone or any affiliates of Capstone, Capstone would have no liability to the Debtors for any acts or omissions, except as provided in the Capstone Agreement.

7. Capstone shall timely supplement its disclosures, if needed, with respect to any and all facts that may have a bearing on whether Capstone, its affiliates, and/or the

individuals working on the engagement have any conflict of interest or material adverse interest.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Order shall constitute, nor is intended to constitute, an admission as to the validity or priority of any claim against the Debtors.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

11. All time periods set forth in the Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to the Order in accordance with the Motion.

13. The Court retains jurisdiction with respect to all matters arising from or related to all matters arising from or related to the implementation, interpretation, and enforcement of the Order.

Dated: _____, 2013
Wilmington, Delaware

                                                Kevin J. Carey
                                                United States Bankruptcy Judge