IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| LIFE UNIFORM HOLDING CORP., *et al.*,[1] | ) Case No. 13-11391 (KJC) |
| Debtors. | ) Jointly Administered |

**DEBTORS' MOTION FOR ORDER PURSUANT TO SECTION 105 AND 363 OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING, EFFECTIVE AS OF THE PETITION DATE, (I) AGREEMENT WITH CAPSTONE ADVISORY GROUP, LLC TO PROVIDE ROBERT FREZZA TO SERVE AS DEBTORS' CHIEF RESTRUCTURING OFFICER; AND (II) RETENTION OF MR. FREZZA AND ADDITIONAL PERSONNEL**

Life Uniform Holding Corp., Healthcare Uniform Company, Inc., and Uniform City National, Inc., the debtors and debtors-in-possession herein (collectively, the "***Debtors***"),[2] hereby move this Court for entry of an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a), and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") seeking the entry of an order authorizing and approving, effective as of the Petition Date (defined below): (i) the letter agreement with Capstone Advisory Group, LLC effective as of May 29, 2013, a copy of which is annexed hereto as Exhibit A (the "Capstone Agreement"), pursuant to which Capstone Advisory Group, LLC

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Life Uniform Holding Corp. (1018), Healthcare Uniform Company, Inc. (0640), and Uniform City National, Inc. (0392).

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the Declaration of Robert Frezza (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on May 29, 2013 (the "Petition Date").

17135

("Capstone") has agreed to provide Mr. Robert Frezza to serve as the Debtors' Chief Restructuring Officer (the "CRO") and additional professional personnel (collectively, the "Additional Personnel"); and (ii) the retention of Mr. Frezza as CRO and the Additional Personnel. In support of this Motion, the Debtors submit the Declaration of Robert Frezza (the "Declaration"), attached hereto as Exhibit B; and further respectfully state as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 327(a), 328(a), and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1.

## BACKGROUND

3. On May 29, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

4. Capstone was first engaged by the Debtors in January 2013 (the "Prior Engagement") to provide financial and strategic advice in connection with a potential restructuring, sale and/or refinancing. Capstone's role during the Prior Engagement included, among other things, (a) cash management and liquidity forecasting, (b) exploring liquidity-enhancement opportunities, (c) assistance in selling companies or assets of the Debtors and (d) establishing regular communication with lenders.

5. Accordingly, Capstone has developed extensive significant relevant knowledge of the Debtors' business, operations and financial condition.

## RELIEF SOUGHT

6. The Debtors' desire to retain Capstone and Mr. Robert Frezza to serve as the CRO and utilize additional professional personnel of Capstone to asset the CRO.

7. Prior to the Petition Date, the Debtors experienced, and continue to experience, financial difficulties that culminated in the filing of these Chapter 11 cases. The Debtors have determined, in the exercise of their business judgment, that the size of their business operations, and the complexity of the financial difficulties attendant upon operations of such scope, require them to retain experienced professionals to render financial advisory services in connection with their Chapter 11 cases.

## SERVICES TO BE RENDERED

8. Capstone will assign Mr. Frezza to serve as the Debtors' CRO and assign the Additional Personnel to perform other services required of the CRO, as set forth in the Capstone Agreement.

9. Mr. Frezza will perform the ordinary course duties as the Debtors' CRO, including, but not limited to, providing daily leadership to the employees of the Debtors on restructuring matters and activities related to these Chapter 11 cases. Pursuant to Capstone's Agreement, Mr. Frezza and the Additional Personnel will provide the following services, among others, to the Debtors:

    a.    Oversee the Debtors' operations;

    b.    Oversee the Debtors' analysis and reporting of their historical, current and projected financial affairs, including, monthly operating reports, schedules of assets and liabilities, and statement of financial affairs;

17135

c.  Oversee the execution of any debtor-in-possession financing arrangements and/or use of cash;

d.  Manage the Debtors' operations on an ongoing basis;

e.  Advise and assist the Debtors and their counsel in reviewing and evaluating any court motions, applications or other forms of relief filed or to be filed by the Debtors, or any other parties-in-interest;

f.  Provide information deemed by the CRO to be reasonable and relevant to stakeholders;

g.  Develop strategies to maximize recoveries from the Debtors' assets and advise and assist the Debtors' management with such strategies;

h.  Assist, as may be requested by the Debtors' investment banker, Morgan Joseph TriArtisan LLC, in managing the sale processes and assessing the reasonableness of consideration received;

i.  Attend meetings and court hearings as may be required in the role of advisors to the Debtors;

j.  Render such other general business consulting or such other assistance as the Debtors or their counsel may deem necessary that are consistent with the role of a CRO;

k.  To the extent reasonably requested by the Debtors, give testimony before the Bankruptcy Court with respect to the services provided by the CRO and the

17135

Additional Personnel, and participate in depositions, including by providing deposition testimony, related thereto; and

l. Other potential services, including, but not limited to, preparing and issuing expert reports; or performing litigation support or forensic or analytical work that has not yet been identified but may be requested from time to time by the Debtors or their counsel.

10. Subject to this Court's approval of the Motion, Mr. Frezza is willing to serve as the Debtors' CRO and to perform the services described above.

11. We understand that Capstone has agreed to work closely together and communicate regularly with Morgan Joseph TriArtisan LLC and Klehr Harrison Harvey Branzburg LLP to avoid any duplication of services.

## QUALIFICATIONS OF PROFESSIONALS

12. The Debtors have selected Capstone and Mr. Frezza as it's CRO because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

13. The Debtors need assistance in analyzing financial information, providing strategic advisory services, and assisting in negotiations with parties in interest in relation to these Chapter 11 cases. Mr. Frezza and Additional Personnel have considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, Capstone and Mr. Frezza are qualified to perform the work required in these cases.

## INDEMNIFICATION PROVISION

14. The Capstone Agreement provides that as a condition of this retention, the Court will have entered an order providing Mr. Frezza with an indemnity as detailed in the Capstone Agreement (the "Indemnity").

15. The Indemnity includes qualifications and limits on the indemnifications and limitation on liability provisions that are customary in Chapter 11 cases in Delaware. Accordingly, the Debtors and Mr. Frezza believe that the Indemnity is customary and reasonable for engagements of this type and should be approved.

### DISINTERESTEDNESS OF PROFESSIONALS

16. To the best of the Debtors' knowledge and based upon the affidavit of Mr. Frezza (the "Frezza Affidavit"), Capstone is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. A copy of the Frezza Affidavit is annexed hereto as Exhibit B.

17. To the best of the Debtors' knowledge and based upon the Frezza Affidavit, Capstone does not hold or represent any interest adverse to the estates with respect to the matter on which Capstone will be retained.

18. To the best of the Debtors' knowledge and based upon the Frezza Affidavit, (a) no employees, members or independent contractors of Capstone have any financial interest or business with the Debtors; and (b) the Capstone professionals working on this matter are not relatives of the United States Trustee of the District of Delaware or of any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Delaware.

19. Capstone has not provided, and will not provide, any professional services to any of the creditors, other parties in interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

### PROFESSIONAL COMPENSATION

20. Capstone's requested compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate. The Debtors have agreed to compensate Capstone for professional services rendered at its normal and customary hourly rates. The current normal and

customary hourly rates for services to be rendered by Capstone and applicable herein, and to be adjusted annually effective January 1, are as follows:

| Level | Rates |
|---|---|
| Executive Directors | $575 - $830 |
| Managing Directors | $475 - $640 |
| Directors | $350 - $450 |
| Consultants | $240 - $340 |
| Support Staff | $120 - $305 |

Notwithstanding the forgoing, as discussed and agreed with the Debtors, for purposes of this engagement Capstone has agreed to the following:

    a.    An aggregate cap on our fees at $450,000 for the first three months of the engagement,

    b.    An aggregate cap on our fees at $650,000 for the first five months of the engagement,

    c.    An aggregate monthly cap on our fees of $50,000 commencing the sixth month and thereafter unless an alternative arrangement is otherwise agreed to with the Debtors.

21.    Capstone will also be reimbursed for necessary expenses incurred, which shall include, but not be limited to, travel and lodging expenses, costs of reproduction, research, communications, Capstone's legal counsel and any applicable sales and excise taxes and other out-of-pocket expenses incurred in providing professional services.

22. Capstone intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. Capstone has agreed to accept as compensation such sums as may be allowed by the Court. Capstone understands that interim and final fee awards are subject to approval by this Court.

23. The Debtors have paid Capstone in excess of $300,000.00 for pre-petition fees and reimbursable expenses in the amount of $58,949.55.

24. Capstone has agreed to waive any unpaid fees and expenses that are in excess of the amounts paid. As a result, Capstone is not owed any sums for services provided pre-petition.

25. Capstone intends for the unapplied portion of the pre-petition amounts paid, if any, to constitute a general security retainer for post-petition services and expenses until the conclusion of these Chapter 11 cases, at which point Capstone will apply the Retainer against its then-unpaid fees and expenses in respect of Capstone's fee applications filed in accordance with applicable provisions of the Bankruptcy Code.

26. To the best of the Debtors' knowledge, and except as disclosed in the Declaration, Capstone has not provided services to the Debtors' creditors, equity security holders, or any other parties-in-interest, or its respective attorneys, in any matter relating to the Debtors or their estates.

27. The Debtors respectfully request that the CRO and Capstone be retained *nunc pro tunc* to the Petition Date. Since the Petition Date, Capstone and the CRO have provided valuable services that were time sensitive and critical to protection of the interests of the Debtors.

## NOTICE

28.     Notice of this Application has been given to (i) the United States Trustee for the District of Delaware; and (ii) all parties who have filed notices of appearance and request for service of documents in these cases.

## NO PRIOR REQUEST

29.     No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE,** the Debtors respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit C (i) granting and approving the Capstone Agreement and this Motion, (ii) authorizing the Debtors to retain Mr. Frezza and Capstone effective as of May 29, 2013 to perform the services set forth herein, and (iii) granting such other and further relief as is just and proper.

Dated: June 6, 2013
Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:   (302) 426-1189
Facsimile:    (302) 426-9193

*Proposed Counsel to the Debtors
and Debtors in Possession*