**Exhibit B**
**Frezza Affidavit**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIFE UNIFORM HOLDING CORP., *et al.*,[1] | ) | Case No. 13-11391 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**AFFIDAVIT OF ROBERT J. FREZZA IN SUPPORT OF DEBTORS'
MOTION FOR ORDER PURSUANT TO SECTION 105 AND 363 OF THE
BANKRUPTCY CODE AUTHORIZING AND APPROVING, EFFECTIVE AS
OF THE PETITION DATE, (I) AGREEMENT WITH CAPSTONE
ADVISORY GROUP, LLC TO PROVIDE ROBERT FREZZA TO SERVE AS
DEBTORS' CHIEF RESTRUCTURING OFFICER; AND (II) RETENTION
OF MR. FREZZA AND ADDITIONAL PERSONNEL**

| | |
|---|---|
| STATE OF NEW JERSEY | ) |
| | ) ss.: |
| COUNTY OF BERGEN | ) |

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Robert J. Frezza, being duly sworn, deposes and says:

1.     I am an Executive Director and Member of Capstone Advisory Group, LLC which, together with its wholly-owned subsidiaries (collectively, "Capstone"), is a professional services firm with offices located at Park 80 West, 250 Pehle Ave, Suite 105, Saddle Brook, NJ 07663. I am duly authorized to make this affidavit on behalf of Capstone. Unless otherwise

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Life Uniform Holding Corp. (1018), Healthcare Uniform Company, Inc. (0640), and Uniform City National, Inc. (0392).

stated in this Affidavit, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto.[2]

2.     I submit this Affidavit in support of the motion ("Motion")[3] of the above-captioned debtors (collectively, the "Debtors" in the "Chapter 11 Cases") pursuant to sections 105 and 363 of the Bankruptcy Code seeking the entry of an order authorizing and approving, effective as of the Petition Date (defined below): (i) the agreement with Capstone Advisory Group, LLC, pursuant to which Capstone has agreed to provide Mr. Robert Frezza to serve as the Debtors' Chief Restructuring Officer (the "CRO") and additional professional personnel (collectively, the "Engagement Team"); and (ii) the retention of Mr. Frezza as CRO and the Engagement Team.

3.     Capstone and Mr. Frezza are well-suited to act as CRO and to provide additional support for the CRO to the Debtors in these Chapter 11 Cases. Capstone has acted as a financial advisor, crisis manager and corporate officer in middle market to large multinational restructurings across a wide array of industries. Capstone has experience in restructuring, transaction advisory, litigation support, solvency and valuation matters and has provided analyses of all alternatives available, and provided a focus on viable solutions that maximize value for restructuring companies and creditors. Capstone's services include forensic analysis, plan development, implementation and advice on sale/merger transactions. Moreover, Capstone professionals have assisted and advised debtors, creditors, creditors' committees, bondholders, investors and others in numerous bankruptcy cases, including MF Global Holdings, Ltd., *et al.*, Refco, Inc., Chrysler (a.k.a. Old Carco LLC), Dynegy Holdings, LLC, *et al.*, Tropicana

---

[2] Certain of the disclosures set forth herein relate to matters within the knowledge of other professionals at Capstone and are based on information provided by them.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Entertainment, LLC, Spiegel Inc., W.R. Grace, Mirant Energy, Adelphia, Owens-Corning, Collins & Aikman, Federal-Mogul, SemGroup, Nortel, and Calpine.

4.      The members, employees, and independent contractors of Capstone, including myself, have experience providing restructuring services to companies encountering operational and financial difficulties.  In particular, I have more than 30 years of strategic planning, cash flow forecasting and cash management, business plan preparation and analysis, facility rationalization, and going concern and liquidation valuation analyses experience.  I am a Certified Public Accountant, Certified Insolvency and Restructuring Adviser (CIRA) and Certified Valuation Analyst (CVA) and have served as an advisor on complex bankruptcy matters including but not limited to WR Grace, US Shipping Partners, American Commercial Lines and Abitibi Bowater.  My out-of-court restructuring experience includes over 20 separate cases over the past 12+ years in diverse industries including clothing manufacturing and distribution, transportation (trucking and shipping), construction and construction related products and services, media, various forms of manufacturing, alternative energy and financial products.

5.      Capstone was first engaged by the Debtors in January 2013 (the "Prior Engagement") to provide financial and strategic advice in connection with a potential restructuring, sale and/or refinancing.  Capstone's role during the Prior Engagement included, among other things, (a) cash management and liquidity forecasting, (b) exploring liquidity-enhancement opportunities, (c) assistance in selling the Debtors or assets of the Debtors, and (d) establishing regular communications with lenders.

6.      Accordingly, Capstone has developed significant and relevant knowledge of the Debtors' business, operations and financial condition.

7.    By engagement letter effective May 29, 2013 (the "Capstone Agreement"), the Debtors formally engaged Capstone to provide CRO, and additional personnel to assist the CRO in his duties including, *inter alia*, financial-advisory and litigation-support services in connection with the Chapter 11 Cases, as mores specifically set forth in the Motion and Capstone Agreement. Since its retention by the Debtors, Capstone has become familiar with the Debtors' businesses and financial affairs and is therefore particularly qualified to serve as the Debtors' financial advisor in the Chapter 11 Cases.

8.    The Debtors anticipate that the CRO and Capstone may render the following services in these cases:

a)    Oversee the Debtors' operations;

b)    Oversee the Debtors' analysis and reporting of their historical, current and projected financial affairs, including, monthly operating reports, schedules of assets and liabilities, and statement of financial affairs;

c)    Oversee the execution of any debtor-in-possession financing arrangements and/or use of cash;

d)    Manage the Debtors' operations on an ongoing basis;

e)    Advise and assist the Debtors and their counsel in reviewing and evaluating any court motions, applications or other forms of relief filed or to be filed by the Debtors, or any other parties-in-interest;

f)    Provide information deemed by the CRO to be reasonably and relevant to stakeholders;

g)    Develop strategies to maximize recoveries from the Debtors' assets and advise and assist the Debtors' management with such strategies;

h)    Assist, as may be requested by the Debtors' investment banker, Morgan Joseph TriArtisan LLC, in managing the sale processes and assessing the reasonableness of consideration received;

i)    Attend meetings and court hearings as may be required in the role of advisors to the Debtors;

j)    Render such other general business consulting or such other assistance as the Debtors or their counsel may deem necessary that are consistent with the role of CRO;

k)    To the extent reasonably requested by the Debtors, give testimony before the Bankruptcy Court with respect to the services provided by the CRO and the Engagement Team, and participate in depositions, including by providing deposition testimony, related thereto; and

l)    Other potential services, including, but not limited to, preparing and issuing expert reports, or performing litigation support or forensic or analytical work that has not yet been identified but may be requested from time to time by the Debtors or their counsel.

9.    We will work closely together and communicate regularly with Morgan Joseph TriArtisan LLC and Klehr Harrison Harvey Branzburg LLP to avoid any duplication of services.

10.    The terms and conditions of the Capstone Agreement were negotiated between the Debtors and Capstone, and reflect the parties' mutual agreement as to the substantial efforts that will be required in this engagement and the proposed terms of compensation.

11.    As is customary in similar engagements, Capstone will be entitled to receive, as compensation for its services, fees based on the following hourly rates in effect for the Engagement Team.

|                    | 2013            |
|--------------------|-----------------|
| Executive Director | $575 - $830     |
| Managing Director  | $475 - $640     |
| Directors          | $350 - $450     |
| Consultants        | $240 - $340     |
| Support staff      | $120 - $305     |

12.    We believe that our standard hourly rates, which are adjusted annually effective January 1, are at or below those of firms we consider our peers.  However, as discussed and agreed with the Debtors, for purposes of this engagement, we have agreed to the following:

       a)    An aggregate cap on our fees at $450,000 for the first three months of the engagement,

       b)    An aggregate cap on our fees at $650,000 for the first five months of the engagement,

       c)    An aggregate monthly cap on our fees of $50,000 commencing the sixth month and thereafter unless an alternative arrangement is otherwise agreed to with the Debtors.

13.    In addition, we will be reimbursed for our reasonable out-of-pocket expenses including, but not limited to, travel and lodging expenses, costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes and other direct expenses.

14.    Capstone intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules (including any order adopting any guidelines promulgated by the Office of the United States Trustee), the Capstone Agreement and any additional procedures that may be established by the Court in the Chapter 11 Cases.

15.    Capstone is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code because Capstone, its members, employees, and independent contractors:

(a)    are not creditors, equity security holders or insiders of the Debtors;

(b)    are not and were not, within two years before the Petition Date, directors, officers (other than the CRO roll contemplated herein), or employees of the Debtors; and

(c)    do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

16.    The Debtors have paid Capstone in excess of $300,000 for pre-petition fees and reimbursable expenses in the amount of $58,949.55.

17.    Capstone has agreed to waive any unpaid fees and expenses that are in excess of the amounts paid. As a result, Capstone is not owed any sums for services provided pre-petition.

18.    Capstone intends for the unapplied portion of the pre-petition amounts paid, if any, to constitute a general security retainer for post-petition services and expenses until the conclusion of these Chapter 11 Cases, at which point Capstone will apply the Retainer against its then-unpaid fees and expenses in respect of Capstone's fee applications filed in accordance with applicable provisions of the Bankruptcy Code.

19.    To the best of the Debtors' knowledge, and except as disclosed in the Declaration, Capstone has not provided services to the Debtors' creditors, equity security holders, or any other parties-in-interest, or its respective attorneys, in any matter relating to the Debtors or their estates.

20.    Moreover, to the best of my knowledge, information and belief formed after reasonable inquiry, Capstone, its members, employees, and independent contractors have no

interests that are materially adverse to the Debtors' estates or the creditors in these Chapter 11 Cases.

21.    To determine Capstone's relationship with the parties-in-interest, in preparing this Affidavit, I caused the names of the parties set forth in Exhibit B-1, which is a list of parties-in-interest provided to me by the Debtors and is attached hereto, to be submitted to Capstone's internal conflicts procedures. This list includes the following: the Debtors, professionals involved in these Chapter 11 Cases (as of the date hereof), the top 30 creditors, insurance providers, holders of the Debtors' equity, banks, directors and officers, landlords, bankruptcy judges for the District of Delaware, United States Trustee Employees assigned to the Delaware Court, utilities, and certain other noted parties. In addition, in order to identify other possible connections and relationships that may not otherwise be included in the above list, I also obtained from the Debtors a list of entities or persons that received payments from the Debtors over the prior two year period (other than payroll-related payments). I submitted a subset of this list, representing the entities or persons that, together, received 90% of the cash payments made by the Debtors during this two year period, to our internal conflict check procedure (approximately 250 parties). To the best of my knowledge, information and belief, neither I nor any other member, employee, or independent contractor of Capstone has any connection with or holds any interest adverse to the Debtors, their estates, creditors, shareholders, or any other party in interest herein or their respective attorneys in the matters for which Capstone is proposed to be retained, except that Capstone has provided other consulting services, and may in the future provide such services, to certain of the Debtors' creditors or other parties-in-interest unrelated to the Debtors' Chapter 11 Cases. As set forth in Exhibit B-2, which is attached hereto, Capstone has certain relationships with certain parties-in-interest in these Chapter 11 Cases, but such

relationships are unrelated to either the Debtors or their Chapter 11 Cases or any services Capstone is being engaged to perform for the Committee.

22.     None of the noted relationships set forth in Exhibit B-2 is related to the Chapter 11 Cases or the Debtors.  Certain of Capstone's engagements are for counsel to syndicated lending groups and a number of the financial institutions listed on Exhibit B-2 are either agents or participating lenders in such lending groups for borrowers unrelated to the Debtors.  It is typical in such engagements for Capstone's invoices to be rendered to the related borrower, not to Capstone's clients.  Since Capstone maintains its billing records on an "engagement" basis, the precise amount of fees that may be indirectly ascribed or applicable to each of these institutions is not readily or accurately discernible.  This is due to, among other reasons, regular and commonly active trading of debt.  Capstone has been directly involved in or served in matters with parties listed in Exhibit B-2.  In addition, Capstone's members, employees, and independent contractors may have business associations with certain of the Debtors' creditors or other parties-in-interest herein, or interests adverse to such creditors, shareholders or parties-in-interest, which associations are unrelated to these Chapter 11 Cases or the Debtors.

23.     Capstone has advised the Debtors that it will not provide expert witness services adverse to organizations or persons that are parties in interest in which Capstone has relationships and associations with as listed in Exhibit B-2.  However, Capstone is willing and able to perform all investigations related to potential causes of actions that the Debtors may seek to pursue, except that Capstone has a client-relations policy of not performing expert witness services against any of the parties listed in Exhibit B-2 absent an express waiver from the Debtors and the party in interest.  It is hard to determine in advance whether Capstone will be asked to seek such a waiver because the actual circumstances must be known to determine whether Capstone's expert witness services related to the claim will both be fair and appear to be

fair, and no such expert witness services have been identified yet by the Debtors for Capstone to perform in these Chapter 11 Cases. To the best of my knowledge, no party on the conflicts checklist (Exhibit B-1) is a Capstone client which in its individual capacity accounted for 1% or more of Capstone's annual revenues in 2012. Capstone may be adverse to all parties in interest in any negotiations that arise in the Chapter 11 Cases, such as plan negotiations or asset acquisition agreements. If and when the Debtors obtain standing to sue an entity, the Debtors will decide at that time which financial firm should provide the expert witness services in the action based on consideration of multiple factors, including (i) whether another financial firm should be retained, and (ii) whether a particular expertise is required.

24.     To the extent I discover any additional facts bearing on the matters described herein during the period of the Debtor's retention of Capstone, I will supplement the information contained in this Affidavit. In addition, Capstone will submit a supplemental affidavit shortly to address the following issue: it is common practice for landlords to own individual properties through subsidiary entities. I believe it is likely that many of the landlords listed on Exhibit B-1 may in fact be subsidiaries of other entities with which Capstone has a connection. We will undertake a review of the related leases and conduct other investigations to determine if additional disclosures are required.

25.     To the best of my knowledge, Capstone has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these Chapter 11 Cases. If this Court approves the proposed employment of Capstone by the Debtors, then Capstone will not accept any engagement or perform any service in these cases for any entity or person other than the Debtors. Capstone may, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that

may be creditors of the Debtors in these Chapter 11 Cases provided, however, that such services do not and will not relate to, or have any direct connection with, these Chapter 11 Cases.

26.     I am not related or connected to and, to the best of my knowledge, no other member, employee, or independent contractor of Capstone is related or connected to any of the United States Bankruptcy Judges or United States Trustee employees listed on Exhibit B-1.

27.     No promises have been received by Capstone nor any member, employee, or independent contractor thereof as to payment or compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code. Except for internal agreements among the members, employees and independent contractors of Capstone regarding the sharing of revenue or compensation, neither Capstone nor any of its members, employees, or independent contractors has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Rule 2016.

28.     At this time, the Engagement Team is expected to include myself a member and executive director, Peter Chadwick (a member and Executive Director), Richard Wright (employee and Managing Director), and Adam Chonich (employee and Director), all full-time members or employees of Capstone. In the ordinary course of business, Capstone retains independent contractors.    While it is not currently envisioned that Capstone will retain independent contractors to work on these Chapter 11 Cases, Capstone reserves the right to utilize such persons in the future and, if it does so, to supplement this Affidavit accordingly.

29.     The Debtors require knowledgeable consultants to provide essential professional services in these Chapter 11 Cases. The Debtors have selected Capstone as its financial advisor because of the firm's diverse experience and extensive knowledge in the field of bankruptcy. As a result, Capstone is well qualified to perform these services in an efficient manner and represent the Committee's interests in these Chapter 11 Cases.

30.    The Debtors believe that Capstone's employment is in the best interests of the Debtors and their estates and creditors. Because of Capstone's extensive experience in business reorganizations and mergers and acquisitions as well as its familiarity with the Debtors' business operations, the Debtors believe that Capstone is exceptionally well qualified to serve as its financial advisors in these Chapter 11 Cases.

31.    The foregoing constitutes the statement of Capstone pursuant to sections 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(a) and 5002, and Local Bankruptcy Rule 2014-1.

Robert J. Frezza

Sworn to before me this
6 th day of June, 2013

Notary Public

CYNTHIA H. K. BAUMANN
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: January 26, 2015
Commission Number: 11422825

### Exhibit B-1

**Parties-in-Interest Submitted to Capstone's Internal Conflicts Procedures**

#### Debtors

LIFE UNIFORM HOLDING CORP
HEALTHCARE UNIFORM COMPANY, INC.
UNIFORM CITY NATIONAL, INC.

#### Non-Debtor Affiliates

NONE

#### Restructuring Professionals

KLEHR HARRISON HARVEY BRANZBURG LLP
BROWN RUDNICK LLP
EPIQ SYSTEMS
DELOITTE CRG

#### Top 30 List

STRATEGIC PARTNERS INC
CREATIVE IN DESIGN
BARCO OF CALIFORNIA
KOI DESIGN LLC
WHITE CROSS 2809869 CANADA
BAUM TEXTILE MILLS, INC
WHITE SWAN/META-
INDEPENDENCE MEDICAL
DANSKO
KRAZY KAT SPORTSWEAR LLC
PEACHES UNIFORMS
LANDAU UNIFORMS
QUAGGA ACCESSORIES LLC
PEPPERGATE FOOTWEAR
PACIFIC TRI-PORT
SOFFT SHOE COMPANY INC
QUAD GRAPHICS INC
STERLING FACTORS CORP
ADC
LATITUDES, INC
IGUANAMED LLC

PRESTIGE MEDICAL
CONCENTRIC SOURCING
DIGITAL EVOLUTION GROUP
FAME FABRICS
TIMBERLAND LLC
AMERICAN DIAGNOSTICS
BROWN GROUP, INC.
BECKER GLOVE INTERNATIONAL, LLC
ALPHA SHIRT CO

**Holders of 5% or More of any Outstanding Common Equity Securities of the Debtor**

ANGELICA CORPORATION
SUN UNIFORMS, LLC
SUN UNIFORMS FINANCE, LLC
CS CF EQUITY I LLC
CS CF EQUITY 2007-2 LLC
CAPITALSOURCE FINANCE LLC

**Indenture Trustee**

NONE

**Insurers**

TOKIO MARINE & NICHIDO FIRE INS CO LTD
ALLIED WORLD ASSURANCE COMPANY (US) INC
STARR SURPLUS LINES INSURANCE COMPANY
ZURICH
LEXINGTON
LLOYD'S OF LONDON
ASPEN INSURANCE UK LIMITED
ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY
ARROWHEAD - CA EQ
WESTERN RE
ZURICH AMERICAN INSURANCE COMPANY
CHUBB CUSTOMER INSURANCE COMPANY
CONTINENTAL
EMPIRE INDEMNITY INSURANCE COMPANY
EXECUTIVE RISK SPECIALTY INSURANCE COMPANY
GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA
NATIONAL UN-PA
SHELTER REINSURANCE COMPANY
THE HARTFORD
U.S. SPECIALTY

**Current and Former Officers and Directors**

DAVID STEFKO
DAVID MEZZANOTE
JIM RUDD
BRYAN GRAIFF


**Parties to Major Litigation**

NONE

**Banks**

BANK OF AMERICA, N.A.
JP MORGAN CHASE BANK, N.A.
WELLS FARGO BANK, N.A.
FIFTH THIRD BANK
FIRST NATIONAL BANK
HUNTINGTON NATIONAL BANK
AMERISERV
REGIONS FINANCIAL BANK
ELMIRA BANK
FIRST BANK
BMO HARRIS BANK

**Landlords**

AC I TOMS RIVER LLC
ACF PROPERTY MANAGEMENT, INC.
ARONOV REALTY MANAGEMENT INC
ASIAN/FLORIDA INVESTMENT COMPANY INC
BALKE BROWN ASSOCIATES
BERTRAM M. BERNS
BETA COMMERCIAL
BILNIA, INC.
BLESSING VOLUNTEERS IN PARTNERSHIP
BONNIE MANAGEMENT CORPORATION
BRIXMOR (CENTRO)
BRIXMOR ROOSEVELT MALL OWNER LLC
BSM SUBURBAN PLAZA LLC
CAPANO MANAGEMENT COMPANY
CARLYLE ER METRO, LLC
CBL & ASSOCIATES MANAGEMENT, INC.
CBL / PARK PLAZA MALL
CENTRO WATT
CENTRO/IA TINLEY PARK PLAZA, LLC

CENTURY III MALL PA LLC
CHASE PROPERTIES LTD
CONTINENTAL CAPITAL REALTY
CORDANO CO
CW CAPITAL ASSET MANAGEMENT
CYZNER PROPERTIES
DECATUR MEMORIAL HOSPITAL
DEVELOPERS DIVERSIFIED REALTY CORPORATION
DOBBS
DOBSON CENTER LLC
DON M. CASTO ORGANIZATION
DR. ROBERT CIARDULLO
DUKE REALTY CORPORATION
E3 REALTY ADVISORS D/B/A E3 ADVISORS
EISENBERG COMPANY
EQUITY MANAGEMENT GROUP, INC.
ERT SOUTHLAND, LLC
EUJODO, LTD
FEDERAL REALTY INVESTMENT TRUST
FIDELIS REALTY PARTNERS
FIRST ALLIED OHIO CORPORATION
FIRST MANAGEMENT, INC.
FLAUM MANAGEMENT COMPANY
FLOYD SANGER
FMC STRATFORD MALL MEMBERS LLC
FORT SMITH MALL PARTNERS LP
FOURT REALTY
G GROUP LLC
GENERAL GROWTH PROPERTIES
GEORGE T & MARIA S TZOUGROS
GOOD SAMARITAN HOSPITAL
GOODMAN REALTY GROUP
HAKIMIAN HOLDINGS INC.
HEARTLAND CENTER LLC
HEKEMIAN & CO., INC.
HERITAGE SQUARE PHASE II LLC
HOPPENSTEIN PROPERTIES INC
HUTCHINS COMMERICAL REALTY
ICI DEVELOPMENT CO.
INTERCITY INVESTMENT PROPERTIES, INC
JACKSON MEMORIAL HOSPITAL
JC LINN OF CLEARWATER, LLC
JC LINN OF MIAMI, LLC
JC LINN OF TAMPA LLC
JEMAL'S 402 GRACE LLC
JOHN JENNINGS
JONES LANG LASALLE

JONES LANG LASALLE AMERICAS, INC.
KIMCO REALTY CORPORATION
KRAVCO
KRAVCO/SIMON
L & M REALTY
LANCASTER DEVELOPMENT CO., LLC
LAT PURSER & ASSOCIATES INC
LMA INVESTMENT
LOFINO PROPERTIES LLC
M&R INVESTORS, LLC
MACERICH
MACERICH COMPANY
MACERICH MANAGEMENT COMPANY
MADISON MARQUETTE
MALL PROPERTIES INC
MARK WEISS ES LLC
MARKSNELSON
MEANS-KNAUS PARTNERS LP
MERCHANTS LLC
MERLE HAY MALL
MID-AMERICA ASSET MANAGEMENT INC
MMI REALTY SERVICES
MYRTLE BEACH FARMS COMPANY, INC.
NORTHTOWN, INC.
OXFORD DEVELOPMENT
PALMETTO HEALTH ALLIIANCE
PALMETTO HEALTH BAPTIST
PANZICA REALTY, INCORPORATED
PATRICIA BAKER MASTEN
PAUL WALCHAK
PAVILION PROPERTIES
PHILLIP EDISON
PHILLIPS EDISON & COMPANY
PORTAGE CROSSINGS II LLC
POTOMAC MILLS MALL
PREIT SERVICES, LLC
PREIT-RUBIN, INC
PRICE EDWARDS & COMPANY
RAMCO GERSHENSON PROPERTIES
REALTY RESEARCH CORP
RENKIN & COMPANY
RIDGE GOODMAN PLAZA LLC
ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL
ROSENTHAL PROPERTIES LLC
ROUSE PROPERTIES INC
RUBENSTEIN REAL ESTATE COMPANY LC
SEA MANAGEMENT

SEL INVESTMENTS
SHOPS OF STONE OAK
SIERRA PACIFIC MANAGEMENT
SIMON PROPERTY GROUP L.P.
SIMS-GRUPE MANAGEMENT CORPORATION INC
SOL SUSLOVICH
SOLON GERSHAMN INC
SOUTHTOWN PLAZA ASSOCIATES
ST LUKE'S MEDICAL TOWER
ST. CLOUD MGMT SERVICES INC. OF MN
ST. JOHN PROPERTIES INC
ST. JOHN'S MERCY HOSPITAL
STEPHEN AND CONSTANCE LINN
TAUBMAN
THE CAFARO COMPANY
THE FIRST CITY COMPANY
THE KIVEL STADT GROUP
THE MILLED FAMILY LIMITED PARTNERSHIP
THRUWAY PLAZA
TITO & NILDA DELA CRUZ
TRAVIS COMMERCIAL R/E SERVICES LTD
TRECO REAL ESTATE
TULPEHOCKEN LTD
UC HEALTH (UNIVERSITY HOSPITAL)
UNIVERSITY HOSPITAL
UNIVERSITY MALL
URBAN RETAIL PROPERTIES
URSTADT BIDDLE PROPERTIES INC.
VAUGHAN PAGEL
VEGAS VALLEY COMMERCIAL
VERITAS REALTY
VIA CHRISTI PRPTY SERVICES INC
VISCONSI CO. LTD
WEST VALLEY PROPERTIES, INC.
WESTFIELD CORPORATION, INC.
WESTRUST VENTURES LLC
WILLIAM BEAUMONT HOSPITAL
WOHL INVESTMENT COMPANY
YALE-NEW HAVEN HOSPITAL
ZAMIAS SERVICES INC

## Utilities

9550-SIMON CAPITAL GP
ADVANCED DISPOSAL SERVICES
ALABAMA POWER
ALLIED WASTE

AMEREN-UE
AMERICAN ELECTRIC
APS
ARTESIAN WATER
AT&T
ATMOS ENERGY
ATT & GRANITE
BEST WAY DISPOSAL
BGE
BIG FLATS WATER DEPARTMENT
BLACK HILLS ENERGY
BRASK
BRASK ENTERPRISES INC
CALIFORNIA WATER SERVICE COMPANY
CARLE PLACE WATER DISTRICT
CASEYVILLE TOWNSHIP SEWER
CENTER TOWNSHIP WATER & SEWER
CENTERPOINT ENERGY-MINN
CENTURY III MALL
CENTURYLINK
CHATANOOGA GAS COMPANY
CITY CARTING & RECYCLING
CITY OF ANN ARBOR-TREASURY
CITY OF AUSTIN
CITY OF BROOKFIELD
CITY OF CLEARWATER UTILITIES
CITY OF FAIRFAX
CITY OF FLORENCE KY
CITY OF FLORENCE UTILITIES
CITY OF GREENSBORO
CITY OF INDEPENDENCE
CITY OF LAKEWOOD
CITY OF LANCASTER
CITY OF MADISON
CITY OF MYRTLE BEACH
CITY OF NORTH MIAMI BEACH
CITY OF RICHMOND
CITY OF ROYAL OAK
CITY OF SAN MARCOS
CITY OF SEATTLE
CITY OF SOUTHGATE MI
CITY OF ST LOUIS PARK UTILITIES
CITY OF ST PETERSBURG
CITY OF TAMARAC
CITY OF TAMPA UTILTIES
CITY OF TULSA
CITY OF UTICA-WATER

CITY OF WATERLOO
CITY PUBLIC SERVICE BOARD
CITY TREASURER-TACOMA
CL & P
CLAY COUNTY UTILITY AUTH
CLAY ELECTRIC
COLUMBIA GAS OF KY
COLUMBIA GAS OF MA
COLUMBIA GAS OF OHIO
COLUMBIA GAS-OHIO
COMED
CON EDISON
CONSUMERS POWER COMPANY
CRI EASTON SQUARE LLC
CSI WASTE SERVICES
DAYTON POWER AND LIGHT
DEFFENBAUGH DISPOSAL SERVICE
DELMARVA POWER
DEPT OF PUBLIC UTILITIES
DOMINION EAST OHIO
DOMINION VIRGINIA POWER
DONATO MARANGI INC
DTE ENERGY
DUKE ENERGY
DUQUESNE LIGHT CO
ECUA
ENERGY MNGMT
EPB
EQUITABLE GAS COMPANY
EUGENE WATER & ELECTRIC BOARD
EXCEL ENERGY
FLINT TOWNSHIP
FLOOD BROTHERS DISP & REC SRV
FLORIDA POWER & LIGHT
FOREST HILLS MUNICIPAL AUTHORITY
FRONTIER COMMUNICATIONS
GAVI HOLLY PARK, LLC
GEMINI PROPERTY MGMT LLC
GEORGIA POWER-2 ACCOUNTS FOR STORE
GROOT INDUSTRIES INC
GULF POWER
HIGHLAND SEWER & WATER AUTHORITY
HRSD
HRUBS
INTERNATIONAL ENVIRONMENT MGMT
J & F TRASH
JCP&L

JCPL
KANSAS GAS SERVICE
KCP&L
KENERGY
KENTUCKY AMERICAN WATER
KETER ENVIRONMENTAL SERVICES, INC.
KU
KUB
LA DEPARTMENT OF WATER & POWER
LACLEDE GAS
LAKE COUNTY PUBLIC WORKS DEPT
LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT
LINCOLN ELECTRIC SYSTEM
LIPA
MADISON GAS / ELECTRIC
MALL AT SUMMIT LLC
MARK WEISS LC
METROPOLITAN PAPER RECYCLING
METROPOLITAN UTILITIES DISTRICT
MIDAMERICAN ENERGY
MIDDLESEX WATER COMPANY
MILLCREEK TOWNSHIP SEWER
MISSOURI AMERICAN WATER
MISSOURI GAS ENERGY
MOBILE AREA WATER & SEWER
MODESTO IRRIGATION DISTRICT
MONGOMERY COUNTY WATER SERVICES
MONROEVILLE WATER AUTHORITY
MONTGOMERY COUNTY WATER SERVICES
NASHVILLE ELECTRIC SERVICE
NATIONAL FUEL GAS
NATIONAL GRID
NATIONAL GRID-HICKSVILLE
NATIONAL WASTE SERVICES LLC
NEW JERSEY AMERICAN WATER CO
NEW JERSEY NATURAL GAS CO
NEW MEXICO GAS COMPANY
NEWPORT NEWS WATER WORKS
NICOR
NORTH MAINE UTILITIES
NORTHHAMPTON
NOVEC
NV ENERGY
NW NATURAL
NYSEG
O'FALLON WATER & SEWER DEPARTMENT
OH RETAIL II LL LLC-DBA TAYLOR SQUARE

OHIO EDISON CO
OKLAHOMA NATURAL GAS COMPANY
OMAHA PUBLIC POWER DISTRICT
ORANGE & ROCKLAND UTILITIES
ORLANDO UTILITIES
PACIFIC GAS & ELECTRIC CO
PAPILLION SANITATION
PECO ENERGY
PELLITTERI'S
PENELEC
PENNSYLVANIA POWER AND LIGHT
PEOPLES NATURAL GAS
PEPCO
PHILADELPHIA GAS WORKS
PIEDMONT NATURAL GAS CO
PINTO SERVICE INC
PNM
PORTLAND GENERAL ELECTRIC
PR EXTON
PRECISION
PRECISION WASTE SOLUTIONS
PROGRESS ENERGY
PSE&G
PUBLIC SERVICE CO OF OKLAHOMA
PUGET SOUND ENERGY
RARITAN VALLEY DISPOSAL
RECOLOGY BUTTE COLUSA COUNTIES
RELIANT ENERGY
REPULIC WASTE SERVICES
RICHMOND SANITARY SERVICE
RUMPKE
SACREMENTO MUNICIPAL UTILITY
SAN DIEGO GAS & ELECTRIC
SAN JOSE WATER COMPANY
SANTEE COOPER
SCC EASTGATE
SCE&G
SIMON PROPERTY GROUP LP 6
SNOHOMISH CNTY PUD #1
SOUTHERN CALIFORNIA EDISON CO
SRP.
ST JOHN WASTE
STANDARD WASTE SERVICES
SUSTAINABLE SOLUTIONS GROUP
TAMPA ELECTRIC
TENNESSEE AMERICAN WATER
TEXAS GAS

THE GAS COMPANY
THE ILLUMINATING CO
TOLEDO EDISON
TOWNE SQUARE MALL ACQUISITIONS LLC
TRICO DISPOSAL INC
TULLER SQUARE NORTHPOINTE LLC
UC HEALTH
UGI UTILITIES
VECTREN
VERIZON
VILLAGE OF BLOOMINGDALE
VILLAGE OF MORTON GROVE
WASHINGTON GAS
WASTE MANAGEMENT
WASTE MANAGEMENT - SUN VALLEY
WASTE MANAGEMENT OF MICHIGAN
WASTE MANAGEMENT OF NEW JERSEY
WASTE MANAGEMENT OF OH
WASTE MANAGEMENT OF OREGON INC
WASTE MANAGEMENT-PHILADELPHIA
WASTE MANAGEMENT-WI-MN
WATER DIVISION
WCI OF TENNESEE-KNOXVILLE
WE ENERGIES
WEST VIEW WATER AUTHORITY
WINDSOR FUEL
WINSTREAM
WMECO
YANKEE GAS
YOUNGBLOOD DISPOSAL SERVICE
YOUNGSTOWN WATER DEPARTMENT

**Significant Regulatory Agencies**


NONE

**Bondholders**

NONE

**United States Bankruptcy Judges for the District of Delaware**

JUDGE KEVIN J. CAREY
JUDGE JUDITH K. FITZGERALD
JUDGE CHRISTOPHER S. SONTCHI
JUDGE MARY F. WALRATH

PHIL1 2848982v.3

JUDGE KEVIN GROSS
JUDGE BRENDAN L. SHANNON
JUDGE PETER J. WALSH

**United States Trustee Employees**

BUCHBINDER, DAVID
DEANGELIS, ROBERTA A.
DORTCH, SHAKIMA L.
GIORDANO, DIANE
GREEN, CHRISTINE
HACKMAN, BENJAMIN
HECK, JEFFREY
KENNEY, MARK
KLAUDER, DAVID
LEAMY, JANE
MURRAY, TONY
O'MALLEY, JAMES R.
O'NEAL, LAUREN
PANACIO, MICHAEL
PATTON, TIIARA
SARKESSIAN, JULIET
SCHEPACARTER, RICHARD
TINKER, T. PATRICK
VINSON, RAMONA
WEST, MICHAEL
WYNN, DION

**Clerk of the Court for the District of Delaware**

DAVID D. BIRD

**Other Parties**

FIDELITY MANAGEMENT & RESEARCH COMPANY
SCRUBS & BEYOND
MORGAN JOSEPH TRIARTISAN LLC
BALLARD SPAHR LLP
GENESIS CAPITAL LLP
LINN UNIFORMS OF CLEARWATER, INC.
UNIFORM CITY – SOUTHEAST, INC.
LINN UNIFORMS OF FLORIDA, INC.
LINN UNIFORMS CORPORATION OF P.G. COUNTY, INC.
UNIFORM CITY SEABOARD, INC.

PHIL1 2848982v.3

**Exhibit B-2**

**List of Parties in Interest, or Affiliates Thereof That Have Engaged, Currently Engage, or
Served in Matter with Capstone and their Relationship to the Debtors**

1. Capstone has relationships with CapitalSource Finance LLC ("Capsource") on matters
   unrelated to the Debtors. In the past, Capstone has been engaged by Capsource in
   connection with providing financial consulting regarding troubled-loan matters; none of
   those engagements are continuing as of the date hereof. Capstone has also provided
   valuation services to assist Capsource in its financial-reporting compliance, state and
   federal taxation, and regulatory-compliance matters. Capstone does not believe that this
   relationship creates a conflict of interest regarding the Debtors or these Chapter 11 Cases.

2. Capstone has relationships with all of the entities identified as "Banks" listed on Exhibit
   B-1, all on matters unrelated to the Debtors. Capstone does not believe that these
   relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

3. Capstone has a relationship with Fidelity Management & Research Company on matters
   unrelated to the Debtors. Capstone does not believe that this relationship creates a
   conflict of interest regarding the Debtors or these Chapter 11 Cases.

4. Capstone has a relationship with Deloitte CRG, advisors to Capsource, on matters
   unrelated to the Debtors. Capstone does not believe that this relationship creates a
   conflict of interest regarding the Debtors or these Chapter 11 Cases.

5. Capstone has been advised by the Debtors, that Life Uniform Holding Corp. ("Life
   Uniform") is owned either in part or in whole by one or more Sun Capital Partners, Inc.
   ("Sun Holding") subsidiaries or affiliates and that Sun Holding subsidiaries or affiliates,
   among other things, own warrants to purchase Life Uniform common stock. Through a
   wholly-owned subsidiary, Capstone Valuation Services, LLC, Capstone has provided
   valuation services to Sun Holdings, including solvency and fairness opinions, related to
   acquisitions, spinoffs, and dividend recapitalizations.

   The Sun Holding subsidiaries or affiliates holding an ownership interest in Life Uniform,
   or otherwise having an interest in the Debtors, are (i) Sun Uniforms Finance, LLC; and
   (ii) Sun Uniforms, LLC (collectively, the "Sun-Life Uniform Entities"). Capstone has
   not performed work of any kind or nature directly for the Sun-Life Uniform Entities.

Capstone has provided services directly to Sun Holding subsidiaries or affiliates other than the Sun-Life Uniform Entities (collectively, the "Unrelated Sun Entities"). Those services have primarily been solvency and fairness opinions. Because Capstone believes, based on our review of an organization chart provided to us from the Debtors (as well as discussions with the Debtors), that the Unrelated Sun Entities have no direct relationship with or interest in the Debtors, Capstone's has concluded that its work for the Unrelated Sun Entities does not present a conflict of interest. Capstone has not done any work for Sun Holding or a Sun Holding subsidiary or affiliate other than stated above.

6. Capstone continues to work with, and has mutual clients with, Brown Rudnick LLP, counsel for Capsource, on matters unrelated to the Debtors. Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

7. Capstone has worked with, and has mutual clients with, Klehr Harrison Harvey Branzburg LLP, counsel for the Debtors, on matters unrelated to the Debtors. Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

8. Capstone has worked with or continues to work with, and has mutual clients with, certain accounting firms who are potential parties-in-interest in these cases or who represent such parties. Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

9. Capstone routinely advises businesses in Chapter 11 proceedings, including in Delaware, and may know all or some of the U.S. Trustee professionals and judges involved in this case. Capstone does not believe that this creates a conflict of interest regarding the Debtors or these Chapter 11 Cases.

10. The Debtors have numerous customers, creditors, and other parties with whom they maintain business relationships. In addition, there may be a number of smaller firms that are not listed as potential parties-in-interest. Capstone may have advisory or other commercial or professional relationships with such entities or persons unrelated to the Debtors or these Chapter 11 Cases. Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

11. Capstone may have used and may continue to use certain insurers or insurance brokers (or their affiliates) who are potential parties-in-interest in these cases. In addition, Capstone had been engaged to provide services to Lexington Insurance Company (electronic data gathering services) and The Hartford (in their capacity as noteholders in several troubled-company advisory matters) in the past; those matters are completed.

Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

12. Capstone has worked with, and has mutual clients with, Ballard Spahr LLP on matters unrelated to the Debtors. Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

13. Capstone has worked with, and has mutual clients with, Morgan Joseph TriArtisan LLC, the Debtors' investment banker, on matters unrelated to the Debtors. Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

14. A number of the Creditor Parties are landlords for the Debtors' retail and other locations. Based on information provided by the Debtors, many of the Landlords are owned in whole or in part by, or otherwise affiliated with, landlords who may have been, or currently are, creditors in other matters that Capstone has been engaged in or continues to be engaged in. Those matters are unrelated to the Debtors and Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases. Capstone will submit a supplemental affidavit shortly to address the following issue: it is common practice for landlords to own individual properties through subsidiary entities. Accordingly, we may have relationships with the Landlords' parent companies that are not readily apparent based on a review of Exhibit B-1. In order to determine if such relationships exist, we will undertake a review of the related leases and conduct other investigations to determine if additional disclosures are required.

15. Capstone uses and may continue to use the services provided by a number of vendors who are potential parties-in-interest in these cases, including: Federal Express, American Express Travel Services, American Express, United Healthcare Services, and ADP, Inc.. Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

16. Capstone has worked with, and has mutual clients with, Kirkland & Ellis LLP, a law firm that has provided services to the Debtors during the two year period prior to the Bankruptcy filing, on matters unrelated to the Debtors. Capstone does not believe that these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

17. Since its inception, Capstone has worked on a number of cases in the power industry. As a result, we have a number of relationships with companies that also provide utility services to the Debtors. The following summarizes the entities and the nature of our relationship:

AT&T et al:  Creditors in other matters, vendor to Capstone
Pacific Gas & Electric:  Creditor and parent company of National Energy Group, a client matter

The following are creditors or customers (or both) in other matters:
ATMOS Energy
Columbia Gas, et al
Con Edision
DTE: Energy
Duke Energy
Florida Light & Power
Frontier Communications
PSE&G
Republic, et al
Verizon
Waste Management

Capstone does not believe that any of these relationships create a conflict of interest regarding the Debtors or these Chapter 11 Cases.